GastoN, Judge.
We think that this application fora cer-tiorari must be refused upon the principles heretofore established by the Court. In Davis v. Marshall and Russell, 2 Hawks 59, and the State v. Williams, 2 Hawks 100, it was ruled, that where the appellant trusts to the clerk to send up the transcript, and the clerk neglects to do it, the appellant must abide the consequence of the carelessness or forgetfulness of his agent. The principle must apply with é-qual force, where the clerk ineffectually attempts to send it *313 up, as where he wholly forbears from doing so, unless the attempt be such as, if made by the party himself, would have been deemed a substantial compliance with what the law requires of him. If the transcript had been mailed in due time to reach this Court, this, it is probable, would have been so considered. Erwin v. Erwin, 3 Dev. 528. But the placing of it in the hands of a gentleman, \Vho is under no special obligations to attend to its filing — whose own engagements may render him inattentive to, or forgetful of, the commission with which he is troubled — is not such a compliance. The appellant or the appellant’s agent, trusting to the performance of such an act of friendship) must run the risque of its nonperformance.
Putt Curiam. Certiorari refused.